CANADY, J.,
concurring in result.
I concur in the affirmance of Cole’s convictions and sentences. I do not, however, join in the majority’s conclusion that the trial court erred in finding the heinous, atrocious, or cruel (HAC) aggravator. I would conclude instead that any error in the application of the HAC aggravator was harmless beyond a reasonable doubt. I recognize that Omelus v. State, 584 So.2d 563 (Fla.1991), and Perez v. State, 919 So.2d 347 (Fla.2005), support the majority’s conclusion that the trial court erred in vicariously applying the HAC aggravating factor, but I question the correctness of these precedents.
In Omelus Justice Grimes authored a concurrence in which he stated that “[i]f a person contracts for another to commit murder and the murder is committed in a heinous, atrocious, or cruel manner, I do not see why the aggravating factor of heinous, atrocious, or cruel cannot be imposed against that person.” 584 So.2d at 567. There is considerable force to the view that a defendant who culpably participates in a course of conduct with the intent to *612 commit a murder is properly held accountable for the manner in which the murder is actually committed. In the instant case, Cole knew that her eodefendants would ultimately kill the victims. Cole also prepared for the murders by purchasing supplies and holding a flashlight while her codefendants dug the victims’ grave. I am not persuaded that Cole’s lack of direct physical contact with the victims and her lack of knowledge that her codefendants would kill the victims by burying them alive should preclude application of the HAC aggravator to Cole.
In State v. Peeler, 271 Conn. 338, 857 A.2d 808 (2004), the Supreme Court of Connecticut expressly rejected Omelus and held that HAC could be vicariously applied. The court determined that vicarious application of HAC is permitted by Tison v. Arizona, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987):
Although the Tison court did not address expressly the narrow issue before this court, i.e., whether principles of ac-cessorial liability may be used to prove aggravating factors under the eighth amendment, in broadly concluding that the eighth amendment did not preclude the imposition of the death penalty based on accessorial liability when there is “major participation” by the defendant and he evidences a “reckless indifference to human life”; the court acknowledged that the eighth amendment does not preclude using accessorial liability to prove aggravating factors. By explicitly recognizing the trial court’s finding of aggravating factors established through principles of accessorial liability, and thereafter concluding that an accessory could be sentenced to death, the Supreme Court in Tison implicitly concluded that the eighth amendment permitted the use of accessorial liability to prove aggravating factors. In other words, by answering the broader question, i.e., whether the eighth amendment permitted imposing the death penalty on an accessory, the Tison court necessarily decided the more narrow issue that is presently before us, namely, whether accessorial liability may be used to prove aggravating factors.
Peeler, 857 A.2d at 876 (citations omitted) (quoting Tison, 481 U.S. at 152, 107 S.Ct. 1676). Ultimately, Peeler concluded that “when principles of accessorial liability are used to prove the existence of aggravating factors, the additional requirements that a defendant be a ‘major’ participant and that he exhibit a ‘reckless indifference to human life,’ as established by the United States Supreme Court in Tison ... sufficiently protect a defendant’s constitutional rights under the eighth amendment.” Peeler, 857 A.2d at 878 (quoting Tison, 481 U.S. at 158, 107 S.Ct. 1676).
Similarly, in Owens v. State, 13 S.W.3d 742, 761-62 (Tenn.Crim.App.1999), a Tennessee appellate court rejected Omelus and concluded that HAC may be vicariously applied under Tison and Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). Owens emphasized that the defendant “willingly and knowingly associated herself with [the actual killer] for the purpose of effecting a premeditated murder upon her husband resulting in his heinous, atrocious, and cruel death.” Owens, 13 S.W.3d at 762.
Neither Omelus nor Perez considered the implications of the reasoning of Tison for the finding of the HAC aggravator for a defendant who did not directly participate in the conduct which was the basis for a finding of HAC. Indeed, Omelus and Perez engage in no analysis of the HAC issue; they simply announce that the HAC aggravator cannot be applied vicariously without proof that the defendant knew of *613 the manner in which death would be inflicted. The ipse dixit character of this rule seriously undermines its precedential force.
In view of the question concerning whether Omelus and Perez are consistent with the reasoning of Tison, I decline to join the majority’s opinion with respect to the HAC issue. Given the insubstantial mitigation and the extreme aggravation without considering the HAC factor, it is clear beyond a reasonable doubt that any error with respect to the HAC aggravator did not contribute to the death sentences.